UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
REGINALD ZEPHRINE,

               Petitioner,

               -against-

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION
CUSTOMS ENFORCEMENT,

               Respondents.
----------------------------------------------------------X

07-CV-2722 (BMC)

**MEMORANDUM AND ORDER**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JUL 18 2007 ★
BROOKLYN OFFICE

**COGAN, United States District Judge:**

On March 8, 2007, petitioner Reginald Zephrine, currently incarcerated at Lackawanna County Prison in Scranton, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of New York. By order dated June 11, 2007, the Honorable Kimba Wood, United States District Judge, transferred the petition to this Court because petitioner was convicted in Kings County. The Court directs petitioner to show cause why the petition should not be dismissed as set forth below.

### Background

Although the Southern District transferred the petition to this Court, it is unclear whether petitioner is challenging his April 1987 Kings County conviction or whether, given the name of the respondents and the relief he seeks, he is challenging an order of removal. Petitioner seeks "to speak to an immigration judge and have this case resolved; case to be applead and to dissmiss removal proceeding; plus to be released as soon as possable.[sic]," Petition at 15, but he also raises grounds which appear to relate to his April 1987 conviction. Petition at 12.

1

**Discussion**

The petition is signed by petitioner and by "Judge Deon Earl Daley." Petition at 15. At the outset, the Court notes that Mr. Daley cannot appear for petitioner unless he is a licensed attorney. Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). It appears that Mr. Daley is not a licensed attorney inasmuch as the Court's records show that Deon Earl Daley, while incarcerated at Rikers Island, filed actions in this Court, all of which were dismissed, *sua sponte*, as incomprehensible or for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See Daley v. Omiunu, et al., No. 06-CV-2266 (NG), Daley v. Brown, No. 06-CV-3176 (NG), Daley v. Bailey, No. 06-CV-3556 (NG).

A.  Removal Proceedings

To the extent that petitioner may be seeking to challenge a final order of removal, this Court has no jurisdiction to review such a decision. The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, Title I, 119 Stat. 231, 310-11, codified at 8 U.S.C. § 1252(a)(5), provides that the sole and exclusive means for challenging an order of removal is "[a] petition for review filed with an appropriate court of appeals. 8 U.S.C. § 1252(a)(5); see Marquez-Almanzar v. INS, 418 F.3d 210, 215 (2d Cir. 2005) (finding that § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal); see also De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 618 (2d Cir. 2007)(finding that when a petition challenging a removal order is improperly filed in the district court, transfer to the court of appeals was impermissible if the petition is untimely). If petitioner is subject to a final order of removal and wishes to challenge that order in federal court, he may file his petition in the court of appeals for the judicial circuit in which the final order of removal was entered. 8 U.S.C. § 1252(b). The petition for review must be filed within 30 days from the date of the order of removal. 8 U.S.C. § 1252(b)-(c).

B. <u>1987 Kings County Conviction</u>

To the extent that petitioner may be seeking to challenge his April 1987 Kings County conviction, such a challenge is subject to the requirements under 28 U.S.C. § 2254. According to petitioner, he was sentenced to one day and five years probation on April 13, 1987. Petition at 2. The instant petition was filed on March 8, 2007. Thus, it does not appear that petitioner was "in custody" pursuant to the April 1987 conviction at the time he filed the instant petition. In order to proceed with a habeas corpus petition, the petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); <u>Maleng v. Cook</u>, 480 U.S. 488, 490 (1989). When a petitioner's conviction has fully expired, the conviction may not be challenged because the petitioner is no longer in custody pursuant to that conviction. <u>Lackawanna County Dist. Atty v. Coss</u>, 532 U.S. 394, 401-02 (2001); <u>Maleng</u>, 490 U.S. at 492.

Even if petitioner was "in custody" at the time the petition was filed, the petition is clearly time-barred. Under 28 U.S.C. § 2244(d)(1), a petition for a writ of habeas corpus is subject to a one-year period of limitation. Because petitioner's 1987 conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act, petitioner was entitled to a one-year grace period in which to file his habeas corpus petition, <i>i.e.</i>, until April 24, 1997. <u>Carey v. Saffold</u>, 536 U.S. 214, 217 (2002). Since the petition was filed on March 8, 2007, nearly 10 years after the grace period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable. However, petitioner has not provided any facts to support tolling of the grace period. For example, petitioner does not allege that he filed a post-conviction motion or sought other collateral review before the grace period expired, 28 U.S.C. § 2244(d)(2), and/or he

does not allege that any extraordinary circumstances prevented him from filing his petition on time and that he acted with reasonable diligence.

Conclusion

Accordingly, to the extent petitioner seeks to challenge a final order of removal, the Court lacks jurisdiction to consider such a claim pursuant to 8 U.S.C. § 1252(a)(5).

To the extent petitioner seeks to challenge his 1987 Kings County conviction, the Court directs petitioner to show cause by written affirmation, within 30 days from entry of this Order, why the petition should not be dismissed as it appears that petitioner is not "in custody" pursuant to the 1987 Kings County conviction, and, in any event, that he is time-barred from challenging this 1987 conviction. See Day v. McDonough, 547 U.S.198, 126 S.Ct. 1675 (2006) (petitioner should be given opportunity to be heard before dismissing petition as time-barred); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000).

No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

Brian M. Cogan
United States District Judge

Dated: Brooklyn, New York
July 10, 2007

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

REGINALD ZEPHRINE,

            Petitioner,                            **PETITIONER'S AFFIRMATION**

   -against-                                         07-CV-2722 (BMC)

U.S. DEPARTMENT OF HOMELAND
SECURITY; U.S. IMMIGRATION
CUSTOMS ENFORCEMENT,

            Respondents.
_____X

      REGINALD ZEPHRINE, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be dismissed because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code